**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 25-6991**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DONNELL EDWARD CALLAHAM,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Abingdon.  James P. Jones, Senior District Judge.  (1:08−cr−00052−JPJ−1)

Submitted:  May 20, 2026                                        Decided:  July 28, 2026

Before KING, GREGORY, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Mary E. Maguire, Federal Public Defender, Erin Trodden, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charlottesville, Virginia, for Appellant.  Jennifer R. Bockhorst, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Abingdon, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Donnell Edward Callaham appeals the district court's order denying relief on his 18 U.S.C. § 3582(c)(1)(A) motion for compassionate release. Callaham challenges the district court's conclusion that he failed to demonstrate extraordinary and compelling reasons for release based on BOP's inadequate care for his medical conditions. We affirm.

We review the denial of a motion for compassionate release under § 3582(c)(1)(A) for an abuse of discretion. *United States v. Brown*, 78 F.4th 122, 127 (4th Cir. 2023). "In doing so, we ensure that the district court has not acted arbitrarily or irrationally, has followed the statutory requirements, and has conducted the necessary analysis for exercising its discretion." *Id.* (quotation omitted). "To grant a compassionate release motion, the district court must conclude that the prisoner is eligible for a sentence reduction because he has shown extraordinary and compelling reasons supporting relief, and that release is appropriate under the 18 U.S.C. § 3553(a) sentencing factors, to the extent those factors are applicable." *Id.* at 128 (cleaned up).

As it relates to claims regarding inadequate medical care, the U.S. Sentencing Commission's policy statement provides that extraordinary and compelling reasons exist when "[t]he defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." U.S.S.G. § 1B1.13(b)(1)(C).

While in BOP custody, Callaham has experienced stage 3 chronic kidney disease, masses in his liver, and a positive screening test that could indicate colon cancer. Callaham does not argue that he has received inadequate care for his kidney disease, but he asserts

2

that he has received inadequate medical care for the latter two conditions. First, necessary diagnostic testing for his liver masses—to determine whether they were malignant or benign—was delayed from August 2023 to October 2024. Second, a necessary colonoscopy to determine whether he had colon cancer, as indicated by a positive screening test, was delayed from January 2025 to April 2026 (notably, during the pendency of this appeal*). Callaham's medical expert opined that such delays indicate medical care that is below an acceptable standard.

Although those delays are troubling, we cannot say that Callaham has shown extraordinary and compelling reasons under § 1B1.13(b)(1)(C) because he cannot point to a *current* deficiency in his care. When Callaham eventually received care, testing revealed that his liver masses were benign and that he did not have colon cancer, and thus he cannot point to a medical condition from which he currently "is suffering" or "medical care that is not being provided." § 1B1.13(b)(1)(C); *see United States v. Perez*, No. 25-3240, 2025 WL 3679747, at *2 (6th Cir. Dec. 18, 2025) (holding that "an inmate's past health circumstances do not independently constitute an extraordinary and compelling reason warranting a sentencing reduction"); *United States v. Tavarez*, 747 F. Supp. 3d 557, 561

---

* The fact that Callaham received the needed colonoscopy while this appeal was pending does not mean that his case is moot. He "remains in BOP custody," and so "it is still possible that [he] could obtain the relief he requested." *United States v. Spicer*, No. 21-7739, 2022 WL 910907, at *1 n* (4th Cir. Mar. 29, 2022) (per curiam); *see United States v. Ketter*, 908 F.3d 61, 65 (4th Cir. 2018) ("A case becomes moot only when it is *impossible* for a court to grant *any* effectual relief whatever to the prevailing party." (quotation omitted)).

3

(E.D.N.Y. 2024) (noting that the defendant had pointed only to "risks, not current afflictions").

Thus, we affirm the district court's judgment based on these changed circumstances. *See Roe v. Howard*, 917 F.3d 229, 239 (4th Cir. 2019) (explaining that this Court "may affirm on any grounds apparent from the record" (quotation omitted)). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*